**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE THREE NATIONAL SECURITY
LETTERS,

No. 18-56669

D.C. No.
3:18-cv-02269-
BAS-MDD

MERRICK B. GARLAND, Attorney
General,
            *Petitioner-Appellee*,

            v.

UNDER SEAL,
            *Respondent-Appellant*.

OPINION

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted November 5, 2019
Submission Vacated July 6, 2020
Resubmitted May 19, 2022
Pasadena, California

Filed May 26, 2022

Before:  Mary H. Murguia, Chief Judge, Andrew D. Hurwitz, Circuit Judge, and Louis Guirola, Jr.,[*] District Judge.

Opinion by Judge Hurwitz

---

**SUMMARY**[**]

---

### Civil Rights

The panel affirmed the district court's order requiring the recipient of three national security letters to comply with the nondisclosure requirements set forth in 18 U.S.C. § 2709(c) "unless and until the Government informs it otherwise."

A national security letter ("NSL") is an administrative subpoena issued by the FBI to a wire or electronic communication service provider requiring production of specified subscriber information that is relevant to an authorized national security investigation.  Pursuant to 18 U.S.C. § 2709, the Federal Bureau of Investigation ("FBI") can prevent a recipient of an NSL from disclosing its receipt.  This court has held "that the nondisclosure requirement in 18 U.S.C. § 2709(c) is a content-based restriction on speech that is subject to strict scrutiny, and that the nondisclosure requirement withstands such scrutiny." *In re Nat'l Sec. Letter*, Nos. 16-16067, 16-16081, 16-16082,

---

[*] The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

2022 WL 1495038, at \*2 (9th Cir. May 11, 2022), *amending and superseding* 863 F.3d 1110 (9th Cir. 2017).

Here, the district court reviewed the three NSLs and related materials in camera and found that, given the important government interests at stake, nondisclosure remained authorized for an indefinite period and court-scheduled review was unnecessary to ensure that nondisclosure continued no longer than justified. The communication service provider did not contest the government's compelling interest or the necessity of continued nondisclosure.

The panel rejected the provider's assertion that a district court is constitutionally required on its own accord to schedule future judicial review once it finds a nondisclosure order to be statutorily authorized for the foreseeable future. The panel held that neither the NSL statute nor *In re National Security Letter* compelled the district court to schedule periodic judicial review in every case. Because the statutory scheme requires judicial review whenever a recipient of an NSL requests it, and the recipient in this case cited no circumstances mandating court-ordered periodic review, the panel found no constitutional infirmity in the order of the district court.

**COUNSEL**

Eric B. Wolf (argued) and Eric D. Miller, Perkins Coie LLP, Seattle, Washington; Michael A. Sussmann, Hayley L. Berlin, and Ariesl B. Glickman, Perkins Coie LLP, Washington, D.C.; for Respondent-Appellant.

Joshua Revesz (argued), Scott R. McIntosh, and Lewis S. Yelin, Appellate Staff; David L. Anderson, United States Attorney; Civil Division, United States Department of Justice, Washington, D.C.; for Petitioner-Appellee.

Andrew Crocker and Aaron Mackey, Electronic Frontier Foundation, San Francisco, California; Naomi Gilens, Patrick Toomey, and Brett Max Kaufman, American Civil Liberties Union Foundation, New York, New York; Jennifer Stisa Granick, American Civil Liberties Union Foundation, San Francisco, California; for Amici Curiae Electronic Frontier Foundation and American Civil Liberties Union.

Peter Karanija, DLA Piper LLP (US), Washington, D.C.; Lisa Zycherman, Davis Wright Tremaine LLP, Washington, D.C.; for Amici Curiae 16 Media Organizations and Associations Representing Journalists, Writers, and Researchers.

Alexander A. Berengaut, James M. Garland, and Lauren K. Moxley, Covington & Burling LLP, Washington, D.C.; Nora Puckett, Google LLC, Mountain View, California; for Amici Curiae Microsoft, Google, Apple, and Facebook.

**OPINION**

HURWITZ, Circuit Judge:

We today again confront 18 U.S.C. § 2709, which allows the Federal Bureau of Investigation ("FBI") to prevent a recipient of a national security letter ("NSL") from disclosing its receipt. We have held "that the nondisclosure requirement in 18 U.S.C. § 2709(c) is a content-based restriction on speech that is subject to strict scrutiny, and that the nondisclosure requirement withstands such scrutiny." *In re Nat'l Sec. Letter*, Nos. 16-16067, 16-16081, 16-16082, 2022 WL 1495038, at *2 (9th Cir. May 11, 2022), *amending and superseding* 863 F.3d 1110 (9th Cir. 2017). The issue for decision today is whether, after reviewing such a nondisclosure order pursuant to 18 U.S.C. § 3511 and finding it statutorily authorized for the foreseeable future, a district court is also constitutionally required on its own accord to schedule future judicial review. Because the statutory scheme requires judicial review whenever a recipient of an NSL requests it, and the recipient in this case cites no circumstances mandating court-ordered periodic review, we find no constitutional infirmity in the order of the district court and affirm.

## I.  Background.

### A.  Statutory and Regulatory History.

An NSL is an administrative subpoena issued by the FBI to a wire or electronic communication service provider requiring production of "specified subscriber information that is relevant to an authorized national security investigation." *In re Nat'l Sec. Letter*, 2022 WL 1495038, at *1; *see* 18 U.S.C. § 2709(a)–(b). The FBI can order an NSL recipient not to "disclose to any person that the [FBI]

has sought or obtained access to information" if a senior FBI official certifies that disclosure may endanger national security or "the life or physical safety of any person," affect diplomatic relations, or interfere with "a criminal, counterterrorism, or counterintelligence investigation." 18 U.S.C. §§ 2709(c)(1)(A), (B)(i)–(iv).[1]

An NSL recipient may at any time petition in the district court for judicial review of a nondisclosure requirement; in the alternative, the recipient may request the government to petition for such judicial review and the government must do so within thirty days of the request.  *Id.* §§ 2709(d), 3511(a), (b)(1)(A)–(B).  In judicial review, regardless of the initiating party, the government must justify continued nondisclosure; if it does so, the district court "shall issue a nondisclosure order or extension thereof" that "includes conditions appropriate to the circumstances."  *Id.* §§ 3511(b)(1)(C), (b)(2)–(3); *see In re Nat'l Sec. Letter*, 2022 WL 1495038, at *12.  Although a provider cannot disclose information identifying a specific NSL, 18 U.S.C. § 2709(c)(1)(A), it can report certain information in annual or semiannual reports, such as the aggregate number of NSLs received in bands of 1,000, *see* 50 U.S.C. § 1874(a)(1)(A).

The NSL provisions were enacted as part of the Electronic Communications Privacy Act of 1986 and amended by the USA Patriot Improvement and Reauthorization Act of 2005.  *See In re Nat'l Sec. Letter*, 2022 WL 1495038, at *3 (citing Pub. L. No. 99-508, § 201,

---

[1] The certifying official must be the Director of the FBI, "his designee in a position not lower than Deputy Assistant Director at Bureau headquarters or a Special Agent in Charge in a Bureau field office designated by the Director."  18 U.S.C. § 2709(b).  Disclosure is allowed under some circumstances not relevant to this case.  *See* 18 U.S.C. § 2709(c)(2).

100 Stat. 1848, 1867; Pub. L. No. 109-177, §§ 115, 116(a), 120 Stat. 192, 211–17 (2006)). In 2008, the Second Circuit found the statutory scheme unconstitutional because "in the absence of Government-initiated judicial review, subsection 3511(b) is not narrowly tailored to conform to First Amendment procedural standards." *John Doe, Inc. v. Mukasey*, 549 F.3d 861, 881 (2d Cir. 2008). In response, Congress amended § 3511 and required the Attorney General to promulgate internal procedures for review of NSL nondisclosure requirements and termination when "the facts no longer support nondisclosure." USA Freedom Act of 2015 ("USAFA"), Pub L. No. 114-23, Title V, § 502(f), 129 Stat. 268, 288 (codified at 12 U.S.C. § 3414 note). "Congress's primary purpose . . . was apparently to clarify that judicial review *was* available to recipients of NSLs." *ACLU v. Clapper*, 785 F.3d 787, 807 (2d Cir. 2015).

The FBI then adopted procedures requiring internal review of a nondisclosure requirement three years after an investigation begins and again when it ends; the FBI must terminate the nondisclosure requirement after that review unless it determines that statutory authorization for nondisclosure continues. Termination Procedures for National Security Letter Nondisclosure Requirement, Fed. Bureau of Investigation, 2–3 (Nov. 24, 2015), https:///www.fbi.gov/file-repository/nsl-ndp-procedures.pdf ("Termination Procedures"). Thus, absent intervening judicial review under 18 U.S.C. § 3511, the FBI reviews a nondisclosure requirement once if the related NSL investigation ends before the three-year anniversary and twice if the investigation ends thereafter. *Id.*

## B. In re National Security Letter.

*In re National Security Letter* holds that the amended statutory nondisclosure scheme is facially constitutional.

*See* 2022 WL 1495038, at \*10, 13. In that case, providers subject to nondisclosure requirements had argued that the scheme violated the First Amendment because it prevented "disclosure of the bare fact of receiving the NSL." *Id.* at \*10. The providers also asserted that the availability of judicial review under § 3511 did not save the scheme because it was "triggered only if a recipient challenges the nondisclosure order." *Id.* at \*11 n.18. But we refused "to divorce the nondisclosure requirement from the availability of judicial review," and found it irrelevant that "some, or even most, NSL recipients do not seek judicial review." *Id.* at \*12.

The providers also argued that the nondisclosure scheme "is not narrowly tailored because it authorizes restraints of overly long or indefinite duration." *Id*. But we found that the Termination Procedures "reduce[d] the likelihood that an overly long nondisclosure requirement will be imposed" and "are supplemented by the availability of judicial review." *Id.* We also noted that under § 3511, "a reviewing court would be bound to ensure" that nondisclosure requirements are imposed no longer than necessary, and that periodic judicial review could address "any constitutional concerns regarding the duration of the nondisclosure requirement." *Id.* at \*12–13. Thus, we found the statutory scheme narrowly tailored "both as to inclusiveness and duration." *Id.* at \*13.[2]

---

[2] We also rejected the argument that the nondisclosure requirements amounted to an unconstitutional censorship or licensing scheme, finding that "the NSL law is more similar to governmental confidentiality requirements that have been upheld by the courts." *In re Nat'l Sec. Letter*, 2022 WL 1495038, at \*14. We nonetheless concluded that the statutory scheme had "the sorts of procedural safeguards required for censorship and licensing schemes." *Id.* at \*14–15.

## C. Facts.

In 2011, the FBI issued three NSLs with indefinite nondisclosure requirements to the appellant communications service provider ("Provider"). Provider complied and took no action until 2018, when it requested that the government initiate judicial review pursuant to 18 U.S.C. § 3511(b)(1)(A)–(B). The government promptly petitioned for review, seeking continued nondisclosure. Provider did not contest the need for continued nondisclosure but asked the district court to impose a nondisclosure requirement "fixed and appropriate to the circumstances."

The district court then reviewed in camera confidential declarations pertaining to the three NSLs and found continued nondisclosure statutorily authorized. The district court noted that although it had the discretion to schedule future review, "the current procedures in place have been deemed sufficient to ensure the nondisclosure requirements are constitutional." Scheduling future review was not required, the district court also noted, because "[n]othing prevents [Provider] from seeking judicial review should it deem one necessary." The court therefore ordered Provider to comply with the nondisclosure requirements "unless and until the Government informs it otherwise."[3]

Provider timely appealed. We have jurisdiction of that appeal under 28 U.S.C. § 1291. We review de novo the district court's legal conclusions and "constitutional questions of fact (such as whether certain restrictions create a 'severe burden' on an individual's First Amendment

---

[3] The district court found unproblematic the absence of review before the USAFA was passed in 2015 because the government showed in 2018 that continued nondisclosure remained necessary.

rights).'"  *Prete v. Bradbury*, 438 F.3d 949, 960 (9th Cir. 2006).

## II. Discussion.

The issue for decision is whether the nondisclosure requirements in the district court's order are narrowly tailored to serve the government's compelling interest in national security.  "A restriction is not narrowly tailored 'if less restrictive alternatives would be at least as effective in achieving the legitimate purpose.'"  *In re Nat'l Sec. Letter*, 2022 WL 1495038, at *10 (quoting *Reno v. ACLU*, 521 U.S. 844, 874 (1997)).   But narrow tailoring is not perfect tailoring.  *Id.* (citing *Williams-Yulee v. Fla. Bar*, 135 S. Ct. 1656, 1671 (2015)).  We therefore should "'decline to wade into the swamp' of calibrating the individual mechanisms of a restriction."  *Id.* (quoting *Williams-Yulee*, 135 S. Ct. at 1671) (cleaned up).

The district court reviewed the three NSLs and related materials in camera and found that, given the important government interests at stake, nondisclosure remained authorized for an indefinite period and court-scheduled review was unnecessary to ensure that nondisclosure continues no longer than justified.  Provider does not contest the government's compelling interest or the necessity of continued nondisclosure.  Nor does it claim that the NSL statute expressly mandates that the district court schedule future review.  Rather, Provider asserts that although *In re National Security Letter* held that the burden placed on an NSL recipient in seeking initial judicial review was de minimis, a district court must itself schedule periodic review to achieve narrow tailoring.

However, neither the NSL statute nor *In re National Security Letter* compels the district court to schedule

periodic judicial review in every case.  To be sure, "as part of the judicial review process, a court *may* require the government to justify the continued necessity of nondisclosure on a periodic, ongoing basis," *In re Nat'l Sec. Letter*, 2022 WL 1495038, at *13 (emphasis added), but it is not required to do so absent a request from the parties. Rather, we leave to the district court's discretion whether "periodic review should be one of the 'conditions appropriate to the circumstances.'"  *Id.* (quoting 18 U.S.C. § 3511(b)(1)(C)).

Provider argues that even if neither the NSL statute nor our precedents resolve the issue, court-ordered periodic review is constitutionally required because such a regime would be less restrictive than nondisclosure subject to review at Provider's request.  But there is no practical difference between the statutory regime and the one that Provider proposes.  Provider may seek judicial review—or require the government to do so—whenever it wants and as many times as it wants. *See* 18 U.S.C. § 3511(b)(1)(A)–(B). If Provider simply writes a brief request, as it did here, the government is required to petition for review, and bears the burden in subsequent judicial proceedings of showing that nondisclosure remains statutorily authorized. *See* 18 U.S.C. §§ 3511(b)(1)(C), (b)(2)–(3); *see also In re Nat'l Sec. Letter*, 2022 WL 1495038, at *7, 11.  Indeed, even if the district court had scheduled periodic review, a provider can request judicial review on a more expedited basis.

Provider asserts that "persistently seeking and re-seeking judicial review is more burdensome than asking for it once," noting that a provider might conceivably be subject to many NSLs and nondisclosure requirements.  But, Provider did not argue below—nor does it suggest on appeal—that these three nondisclosure requirements or its particular

circumstances make requesting judicial review burdensome. And, even assuming that court-scheduled periodic review would be less burdensome for some providers, our observation that "the burden of obtaining review is de minimis," *In re Nat'l Sec. Letter*, 2022 WL 1495038, at *11 n.18, applies equally to an initial request for review and to subsequent ones.

We need not decide today whether, under circumstances not presented here, a district court might abuse its discretion by declining to schedule periodic review. We simply hold that neither the governing statutes nor the First Amendment require this in every case. Because that is Provider's sole argument, we affirm the order of the district court.

**AFFIRMED.**